**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 04-CR-0184-CVE |
| | ) |
| **MOISES ALBERTO YANEZ,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is Defendant's Unopposed Motion to Correct the Statement of Reasons Pursuant to Fed. R. Crim. P. 35(a) (Dkt. # 35) filed on June 10, 2005. Defendant asks the Court to delete the second sentence of the following paragraph from page one of the Statement of Reasons:

> Based on the testimony and exhibits presented by the defendant at the sentencing hearing, the Court finds that the two-level increase in the offense level for possession of a firearm as provided by USSG § 2D1.1(b) is unwarranted. Because the two offense levels provide overlapping ranges of imprisonment, the Court resolved the issue by imposing a sentence of forty-one months, a sentence at the high-end of one range and one at the low-end of the range that includes the firearm enhancement. The Court finds that the correct offense level is nineteen (19).

Although the United States Attorney does not object to the motion, there are several problems therewith.

Under Rule 35(a), "within seven days after a sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "'Sentencing' means the oral announcement of the sentence." Fed. R. Crim P. 35 (c). When the length of time specified in one of the Federal Rules of Criminal Procedure is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays are excluded. Fed. R. Crim. P. 45(a)(2). The Tenth Circuit has held this seven-day period to be jurisdictional. Thus, it may not be extended

by the Court, upon motion or otherwise.  See United States v. Green, 405 F.3d 1180, 1186-87 (10th Cir. 2005).

Defendant was sentenced in this matter on May 31, 2005.  He filed this motion on June 10, 2005, eight days after he was sentenced.  Accordingly, the Court finds his motion to be untimely.  Further, even if his motion were not untimely, defendant is not asking the Court to correct any clear error in his sentence, but asking that it edit the statement of reasons.  This falls outside the purpose of Rule 35(a).  "The purpose of Rule 35(a) is to permit the court to correct a sentence that the judgment of conviction did not authorize."  United States v. Evans, 64 F.3d 664, 1995 WL 478491, **1 (6th Cir. 1995) (unpublished) (citing United States v. Morgan, 346 U.S. 502, 506 (1954)).

Finally, the Court has clearly stated in the first sentence of the cited paragraph that it found the two-level increase in offense level for possession of a firearm "unwarranted."  However, the second sentence of the cited paragraph is an integral part of the Court's statement of reasons.  If defendant is concerned about whether the statement of reasons is sufficiently clear for the purposes of the Bureau of Prisons, this order provides further evidence of this Court's intent.

For these reasons, defendant's motion (Dkt. # 35) is **denied**.

**IT IS SO ORDERED** this 15th day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT